UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>                    Plaintiff,<br><br>v.<br><br>R. ESTRADA, et al.,<br><br>                    Defendants. | Case No.: 24-cv-02472-AJB-MMP<br><br>**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS; AND**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL**<br><br>[ECF Nos. 10, 14] |

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3 of the United States District Court for the Southern District of California. Pending before the Court is Defendants R. Estrada and Mario Alonzo's Motion to Dismiss. ECF No. 10. Plaintiff filed an opposition, to which Defendants replied. ECF Nos. 12, 13. The Court found the motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 11. After briefing on Defendants' motion was complete, Plaintiff filed a Motion to Appoint Counsel. ECF No. 14. For the reasons set forth below, the Court **RECOMMENDS** the District Judge **GRANT IN PART** and **DENY IN PART** Defendants' Motion to Dismiss. ECF No. 10. In addition, the Court **DENIES** Plaintiff's Motion to Appoint Counsel. ECF No. 14.

## I. RELEVANT BACKGROUND

### A. Allegations in the Complaint

The Court incorporates the summary of Plaintiff's allegations set forth in its prior order, ECF No. 4, and summarizes the allegations relevant to this motion below.

Plaintiff alleges on January 13, 2024, he was walking the track on the recreational yard at Centinela State Prison, when Defendant Sergeant Estrada "ordered Plaintiff to remove his durag (or Do-rag), citing an unwritten policy prohibiting its use outside." ECF No. 1 ¶ 1. Plaintiff had worn a durag, which are approved by the California Department of Corrections and Rehabilitation (CDCR) for sale and purchase at the prison canteen, on the yard regularly for over fourteen years. *Id.* ¶¶ 2, 9–10. Plaintiff told Defendant Estrada the rule prohibiting him from wearing a durag was racially discriminatory because "durags are predominately worn by Black inmates to protect and manage their hair." *Id.* ¶ 2. When Defendant Estrada threatened a Rules Violation Report ("RVR") if Plaintiff did not comply, Plaintiff complied by returning to his housing unit. *Id.* ¶¶ 3–4.

One week later, on January 20, 2024, Defendant Estrada issued an RVR charging Plaintiff with delaying a peace officer in the performance of duties. *Id.* ¶ 5.

A hearing on the RVR was held on January 25, 2024, and Defendant Alonzo was the Senior Hearing Officer. *Id.* ¶ 6. Plaintiff asserted he: (a) complied with Defendant Estrada's order, (b) did not delay Estrada in the performance of his duties, and (c) no CDCR regulation prohibits durags on the yard. *Id.* Defendant Alonzo changed the charge to disobeying an order, found Plaintiff guilty, and sentenced Plaintiff to thirty days loss of credits, ten days confinement to quarters, and ninety days loss of phone, yard, day room, and package privileges. *Id.* ¶¶ 6, 21.

Plaintiff alleges Defendant Estrada fabricated the RVR, which Defendant Alonzo unfairly adjudicated, in retaliation for Plaintiff's previously filing a successful civil rights complaint. *Id.* ¶¶ 32–35. Specifically, Plaintiff settled a prior civil rights lawsuit in 2022 "related to bias treatment by" Centinela State Prison staff "for issuing an RVR that involved racial discrimination." *Id.* ¶¶ 12, 30, 32. Plaintiff alleges Defendant Alonzo is the

same Senior Hearing Officer "involved in that previous case" and who "adjudicated the previous RVR" and "is also responsible for adjudicating the current RVR[,]" which Plaintiff contends indicates a retaliatory motive behind the January 2024 RVR finding. *Id.* ¶¶ 12, 33. Plaintiff contends "[t]he issuance of the RVR, and the resulting disciplinary action, were motivated by Defendants' retaliatory intent in response to Plaintiff's prior protected activity" and "the actions against him by the Defendants are in direct retaliation for his prior civil rights complaint[.]" *Id.* ¶¶ 17, 35.

### B.     Procedural History

Plaintiff proceeding pro se filed this 42 U.S.C. § 1983 action, asserting Defendant Estrada, Alonzo, I. Black, and F. Guzman violated his First Amendment and Fourteenth Amendment rights. ECF No. 1. Specifically, Plaintiff brings claims for violations of (1) the First Amendment right to freedom of expression, (2) the Fourteenth Amendment Equal Protection Clause, and (3) First Amendment retaliation for filing his prior lawsuit. *See id.*

On February 24, 2025, the Court granted Plaintiff leave to proceed in forma pauperis (IFP), screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and determined only Plaintiff's claims against Defendants Estrada and Alonzo survived. ECF No. 4. With respect to Plaintiff's First Amendment retaliation claim, the Court found Plaintiff plausibly alleged the adverse action of filing a false disciplinary charge for Plaintiff's prior protected activity of filing a civil rights action. *Id.* at 7. The Court also found this created a chilling effect and "did not reasonably advance a legitimate correctional goal" because Plaintiff alleges "there are no established CDCR regulations against wearing a CDCR-approved durag on the yard, which are similar to other head coverings allowed on the yard, and therefore Defendants' actions were arbitrary." *Id.* The Court found Plaintiff met the "low threshold" to survive screening and provided Plaintiff the opportunity to either (1) notify the Court of his intent to proceed with his First Amendment and Equal Protection claims against Defendants Estrada and Alonzo only; or (2) file a First Amended Complaint to correct the deficiencies of pleading identified in the Court's screening Order. *Id.* at 7, 9.

Plaintiff informed the Court that he intended to proceed with the claims against Defendants Estrada and Alonzo only. ECF No. 5. The Court then dismissed all defendants in Plaintiff's Complaint except Defendants Estrada and Alonzo and directed service of the Complaint on the remaining defendants. ECF No. 6.

Accordingly, the only claims remaining in this civil rights case are Plaintiff's First Amendment freedom of expression and retaliation claims, as well as his Fourteenth Amendment Equal Protection Clause claim against Defendants Estrada and Alonzo. *See* ECF Nos. 1, 4, 6. Plaintiff claims denying him the right to wear a durag on the yard and disciplining him for doing so violated his First Amendment right to free expression (count one), was a denial of equal protection under the Fourteenth Amendment (count two), and amounted to retaliation under the First Amendment for filing the prior civil rights action in 2020, which subsequently settled in 2022 (hereinafter "the prior lawsuit") (count three). *See generally* ECF No. 1; ECF No. 4 at 5.

On July 14, 2025, Defendants Estrada and Alonzo filed this Motion to Dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6), challenging Plaintiff's First Amendment retaliation claim only. ECF No. 10.[1] Defendants assert Plaintiff fails to plead facts showing Defendant Estrada issued an RVR and then Defendant Alonzo found Plaintiff guilty of that RVR "because of" Plaintiff's prior protected conduct of filing the prior lawsuit. ECF No. 10-1 at 7. Specifically, Defendants assert Plaintiff does not plead facts to show either Defendant Estrada or Alonzo was aware of the prior lawsuit. *Id*.

In his opposition, Plaintiff asserts the RVR that was the subject of the prior lawsuit also addressed actions of Defendant Alonzo. ECF No. 12 at 2. He further alleges Defendant Alonzo "was indeed aware of the lawsuit" and was the supervisor of Officer Carrillo, the named defendant in the prior lawsuit, at the time. *Id.* at 3. He further contends Defendant Estrada "was the supervisor who issued the fabricated RVR for an unwritten policy that

---

[1] Defendants do not challenge Plaintiff's First Amendment freedom of expression or Fourteenth Amendment claims against Defendants Estrada and Alonzo. *See* ECF No. 10.

1 did not exist" and "[t]here is no legal justification that can explain why Defendant [] 
2 Estrada chose to issue Plaintiff an unwarranted and fabricated RVR." *Id.*

3      After Defendants' Motion to Dismiss was fully briefed, Plaintiff filed a Motion to 
4 Appoint Counsel on September 2, 2025. ECF No. 14. The Court addresses the pending 
5 motions in turn.

6 **II.  REQUEST FOR JUDICIAL NOTICE**

7      As a preliminary matter, Defendants request the Court take judicial notice of 
8 numerous filings in Plaintiff's prior lawsuit that settled in 2022—the alleged protected 
9 activity that forms the basis of Plaintiff's First Amendment retaliation claim. ECF No. 10-
10 1 at 12–13. Federal Rule of Evidence 201(d) permits the Court to take judicial notice at 
11 any time. A judicially noticed fact must be one not subject to reasonable dispute in that it 
12 either: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be 
13 accurately and readily determined from sources whose accuracy cannot reasonably be 
14 questioned." Fed. R. Evid. 201(b). Courts may take judicial notice of records and filings of 
15 other court proceedings. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) ("In 
16 particular, a court may take judicial notice of its own records in other cases[.]").

17      Defendants request the Court take judicial notice of several filings in the prior 
18 lawsuit, *Ajaelo v. Carrillo*, No. 20-cv-2191-WQH-DEB (S.D. Cal.), including the docket, 
19 Plaintiff's complaint, as well as numerous orders and the joint motion to dismiss. *See* ECF 
20 No. 10-1 at 12. The purpose of Defendants' request is to show Plaintiff "only sued a single 
21 party" and the Court "ordered only that single party to reply to the complaint." *Id.* at 15. 
22 Plaintiff does not oppose or otherwise respond to the request for judicial notice. ECF No. 
23 12. Accordingly, the Court **GRANTS** the request as to the Court's own records and papers 
24 filed with the Court for this limited purpose.

25 / /
26 / /
27 / /
28 / /

### III. DEFENDANTS' MOTION TO DISMISS

#### A. Legal Standards

##### 1. Rule 12(b)(6)

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must allege facts, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether there is a plausible claim of relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Pleaded facts must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* A reviewing court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, allegations amounting to "no more than conclusions" are not "entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679, 680.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation modified).

Filings from pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers," and are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

If the complaint fails to survive a Rule 12(b)(6) challenge, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave

to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.").

### 2. First Amendment Retaliation

"The First Amendment guarantees a prisoner a right to seek redress of grievances from prison authorities and as well as a right of meaningful access to the courts." *Jones v. Williams*, 791 F.3d 1023, 1035 (9th Cir. 2015). "Retaliation against prisoners for their exercise of this right is itself a constitutional violation, and prohibited as a matter of 'clearly established law.'" *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009) (citation omitted). "And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Thus, "[d]eliberate retaliation by state actors against an individual's exercise of this right is actionable under section 1983." *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989)

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes*, 408 F.3d at 567–68.

**B. Analysis**

Defendants challenge the "because of" element for Plaintiff's First Amendment retaliation claim against both Defendants Alonzo and Estrada.

### 1. Applicable Law

"To prevail on a retaliation claim, a plaintiff must show that his protected conduct was the 'substantial' or 'motivating' factor behind the defendant's conduct." *Brodheim*, 584 F.3d at 1271 (quoting *Soranno's Gasco*, 874 F.2d at 1314) (citation modified). "[T]he plaintiff must allege a causal connection between the adverse action and the protected conduct." *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). "Because direct

evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Id.* The Ninth Circuit has recognized circumstantial evidence of retaliatory intent or motive may be established by "(1) proximity in time between protected speech and the alleged retaliation; (2) the defendant expressed opposition to the speech; or (3) other evidence that the reasons proffered by the defendant for the adverse action were false and pretextual." *McCollum v. California Dep't of Corr. & Rehab.*, 647 F.3d 870, 882 (9th Cir. 2011) (citation modified); *see also Watison*, 668 F.3d at 1114 (finding "allegation[s] of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal"); *see Penton v. Hubard*, No. 11-cv-518-TLN-KJN-P, 2021 WL 3563375, at *47 (E.D. Cal. Aug. 12, 2021), *report and recommendation adopted*, 2021 WL 4480503 (E.D. Cal. Sept. 30, 2021).

Even so, conclusory allegations and "[m]ere speculation that defendants acted out of retaliation is not sufficient." *Wood v. Yordy*, 753 F.3d 899, 905 (9th Cir. 2014). District courts often find the "because of" element is not satisfied where the plaintiff does not allege the prison official was aware of the protected activity that forms the basis for the retaliation claim. *See, e.g.*, *Wriden v. Arias*, No. 24-cv-1240-JLS-LR, 2025 WL 1798294 at *6 (S.D. Cal. June 26, 2025) ("If a defendant does not know of a plaintiff's protected conduct, it cannot substantially motivate a defendant's subsequent conduct."); *Joseph v. Clayton*, No. 19-cv-2139-GPC-RBM, 2020 WL 804863, at *7 (S.D. Cal. Feb. 18, 2020) (finding the plaintiff did not allege the defendant "was aware of that complaint or any inmate grievance he filed while he alleges to have been under [the defendant's] care"); *Gruber v. Allison*, No. 22-cv-01486-FLA-MAA, 2023 WL 2627737, at *6 (C.D. Cal. Jan. 13, 2023) (finding the plaintiff failed to allege facts to support the reasonable inference of a causal connection between their allegedly adverse action (transferring the plaintiff) and the plaintiff's protected conduct (filing prison grievances) where no allegations suggested the defendants knew about the grievance); *Richson-Bey v. Moreno*, No. 21-cv-01294-SAB-PC, 2022 WL 19766891, at *3 (E.D. Cal. Feb. 1, 2022) (finding the plaintiff failed to allege sufficient

facts to support a false RVR in retaliation for exercise of the plaintiff's administrative remedy, where the plaintiff did not allege either he utilized the administrative grievance process or the defendant was aware the plaintiff utilized the administrative remedy process).

### 2. Defendant Alonzo

Defendants argue Plaintiff fails to allege they took an adverse action against Plaintiff in 2024 "because of" his prior protected conduct of filing the prior lawsuit. ECF No. 10-1 at 13. Specifically, Defendants contend "Plaintiff offers no allegations to show that Defendant Alonzo was aware of the prior case—especially when he was not a party in the lawsuit." *Id.* According to Defendants, Plaintiff merely "speculates Defendant Alonzo was the same RVR hearing officer in the underlying RVR in this action and in the underlying RVR in [the prior lawsuit]." *Id.* at 15.

Contrary to Defendants' argument, Plaintiff pleads more. In his Complaint, Plaintiff specifically alleges Defendant Alonzo was involved in the prior lawsuit, in addition to having adjudicated both the RVR that was the subject of the prior lawsuit[2] and the January 2024 RVR. ECF No. 1 ¶¶ 12, 33. To the extent Defendants contend Defendant Alonzo did not know (or could not have known) about the prior lawsuit because he is not a named defendant, the argument is not persuasive. Moreover, Plaintiff also specifically alleges the issuance of the 2024 RVR and the resulting disciplinary action were motivated by Plaintiff's protected activity (i.e., filing the prior lawsuit), which infringes on his right to seek redress and discourages him from further exercising his legal rights. *Id.* ¶ 35. Taking these allegations together and drawing all reasonable inferences in Plaintiff's favor, the Court finds Plaintiff alleges sufficient facts to reasonably infer Defendant Alonzo was aware of the prior lawsuit, and by extension, sufficiently alleges the causal connection

---

[2] In support of his opposition, Plaintiff attaches a copy of "Disciplinary Hearing Results" for violation date April 22, 2019 and hearing date April 27, 2019, in which Defendant "M. Alonzo" is identified as the hearing official. ECF No. 12 at 13.

between the allegedly adverse action (unfair adjudication of the 2024 RVR) and Plaintiff's protected activity (filing of the prior lawsuit). *See Watison*, 668 F.3d at 1114.

Accordingly, the Court finds Plaintiff has plausibly alleged Defendant Alonzo's adverse action of unfairly adjudicating the 2024 RVR was taken "because of" Plaintiff's protected activity of filing the prior lawsuit. Accordingly, the Court **RECOMMENDS** Defendants' motion be **DENIED** as to Defendant Alonzo.

### 3. Defendant Estrada

Defendants assert "Plaintiff lacks any allegations to connect Defendant Estrada to the prior lawsuit—and thus cannot satisfy the causation retaliation element." ECF No. 10-1 at 16.

When focusing solely on the retaliation claim with the benefit of full briefing and construing the facts alleged in the Complaint liberally and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not sufficiently pled a causal connection between Defendant Estrada's allegedly adverse action of filing a false disciplinary charge in January 2024 and Plaintiff's protected activity of filing the prior lawsuit in 2020. Unlike Plaintiff's allegations regarding Defendant Alonzo discussed above, Plaintiff does not allege Defendant Estrada was involved in the prior lawsuit or the RVR that was the subject of the prior lawsuit. Thus, the Complaint lacks a similar factual basis from which the Court can reasonably infer Defendant Estrada was aware of the prior lawsuit. Furthermore, without facts suggesting Defendant Estrada was aware of the prior lawsuit, there is no factual basis to infer Defendant Estrada took the adverse action of fabricating the RVR on January 20, 2024 charging Plaintiff with delaying a peace officer in the performance of duties in retaliation for the filing of the prior lawsuit. *See Hammler v. Alvarez*, No. 18-cv-326-AJB-WVG, 2019 WL 422575, at *9 (S.D. Cal. Feb. 4, 2019), *report and recommendation adopted*, 2019 WL 3315567 (S.D. Cal. July 24, 2019) ("The claim against Deis based on the RVR fails for the fundamental reason that there is no allegation that Deis ever knew that Plaintiff filed a grievance against him and Alvarez."); *Penesa v. California Inst. for Women*, No. 16-cv-1878-DMG-RAO, 2018 WL 4162485, at *9 (C.D. Cal. June

22, 2018), *report and recommendation adopted*, 2018 WL 4156608 (C.D. Cal. Aug. 28, 2018) ("There are no allegations to support that Defendant Martel was aware of this lawsuit such that any adverse actions would have been in retaliation of Plaintiff's filing and pursuit of this lawsuit.").

Plaintiff has also not sufficiently alleged other circumstantial evidence of retaliatory intent from which the Court can reasonably infer the requisite casual connection. *See McCollum*, 647 F.3d at 882; *Watison*, 668 F.3d at 1114. First, with respect to "proximity in time between protected [activity] and the alleged retaliation[,]" *McCollum*, 647 F.3d at 882, Plaintiff alleges he settled his prior lawsuit in December 2022 and then over a year later, in January 2024, Defendant Estrada filed false disciplinary charges. As more than a year separates the two events and Plaintiff alleges no other facts to establish a causal link between them, a reasonable inference of retaliation cannot be inferred from the timing alone. *See Pratt v. Rowland*, 65 F.3d 802, 808 (9th Cir. 1995) (finding insufficient evidence to support an inference of retaliatory intent based on timing); *O'Brien v. Gularte*, No. 18-cv-980-BAS-MDD, 2019 WL 77112, at *3 (S.D. Cal. Jan. 2, 2019) ("Timing alone, however, is generally not enough to support an inference that prison officials took an adverse action against a prisoner in retaliation for the prisoner's participation in protected conduct."); *McCollum*, 647 F.3d at 882 (citing *Vasquez v. Cnty. of Los Angeles,* 349 F.3d 634, 646 (9th Cir. 2004) (referencing a thirteen-month lapse is too long to support an inference of causality)).

Nor does Plaintiff allege Defendant Estrada expressed opposition to the prior lawsuit. *See McCollum*, 647 F.3d at 882.

The Complaint also lacks other sufficient factual allegations from which retaliation by Defendant Estrada can be inferred. *See id.* The Court once again finds the contrast between Plaintiff's statements in his opposition as to Defendant Alonzo and as to Defendant Estrada telling: despite Plaintiff's assertion the prior lawsuit "had a cultural effect on Centinela State Prison on how inmates are screened for cellmate compatibility" and belief Defendant Alonzo likely would have received in-service training in the

aftermath of his prior lawsuit, Plaintiff makes no such allegation as to Defendant Estrada. *See* ECF No. 12 at 3–4. Rather, in his opposition, Plaintiff reiterates Defendant Estrada is "the supervisor who issued the fabricated RVR for an unwritten policy that does not exist" and further claims "[t]here is no legal justification that can explain why Defendant [] Estrada chose to issue Plaintiff an unwarranted and fabricated RVR." ECF No. 12 at 3. Plaintiff also posits: "[t]he question becomes whether he was instructed to pull Plaintiff over and issue an unwarranted RVR? Why was he instructed? Why was Plaintiff targeted?" *Id.* While these allegations may be relevant to establishing other circumstantial evidence "the reasons proffered by [Defendant Estrada] for the adverse [] action were false and pretextual," *see McCollum*, 647 F.3d at 882, no such factual allegations are alleged in the Complaint. *See* ECF No. 1; *see Lee*, 250 F. 3d at 688 ("As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."). Thus, while Plaintiff's statements in his opposition demonstrate he could allege additional facts in an amended complaint, the Complaint lacks sufficient factual allegations from which retaliation can be inferred as to Defendant Estrada.

Accordingly, the Court finds Plaintiff has not alleged sufficient facts in the Complaint to support a causal connection between Defendant Estrada's alleged adverse action (i.e., filing false disciplinary charges) because of Plaintiff's protected activity of filing the prior lawsuit. Accordingly, the Court **RECOMMENDS** Defendants' motion be **GRANTED** as to Defendant Estrada.

4.   Leave to Amend

"A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato*, 70 F.3d at 1106. The Ninth Circuit has instructed district courts to "provide a pro se litigant with notice of the deficiencies" in the complaint "to ensure that the litigant uses the opportunity to amend effectively. *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citation omitted). "While a statement of deficiencies need not provide great detail or require district courts to act as legal advisors to pro se

plaintiffs, district courts must at least draft a few sentences explaining the deficiencies." *Id.* (citation omitted).

As discussed above, Plaintiff fails to allege any facts to support a causal connection between Defendant Estrada's allegedly adverse action of filing false disciplinary charges against Plaintiff in January 2024 and Plaintiff's protected activity of filing the prior lawsuit that settled in December 2022. In order for Plaintiff's amended complaint to survive at the pleading stage against Defendant Estrada, Plaintiff must allege a causal connection between the allegedly adverse action of filing false disciplinary charges and the protected activity of filing of his prior lawsuit. *See Watison*, 668 F.3d at 1114. For example, Plaintiff could plead Defendant Estrada knew Plaintiff engaged in the protected activity of filing the prior lawsuit, how Defendant Estrada knew, and thereafter did something that led Plaintiff to infer Defendant Estrada was acting in retaliation for Plaintiff's protected activity. *See, e.g.*, *Miller v. McEwen*, No. 11-cv-2333-JLS-WVG, 2013 WL 4545592, at *10 (S.D. Cal. Apr. 19, 2013), *report and recommendation adopted in part*, No. 11-CV-2333 JLS WVG, 2013 WL 4544516 (S.D. Cal. Aug. 26, 2013); *Gorum v. Calderwood*, No. 15-cv-65-APG-GWF, 2015 WL 6438292, at *2 (D. Nev. Oct. 21, 2015) (finding the plaintiff "established the link between the retaliatory action and the lawsuit through his quoting of Defendant saying 'you'll know next time not to file no law suits'").

Because Plaintiff may be able to cure the deficiencies of the Complaint identified above, the Court **RECOMMENDS** leave to amend his complaint be **GRANTED** as to Plaintiff's First Amendment retaliation claim against Defendant Estrada.

### C. Conclusion and Recommendation

The Court submits this Report and Recommendation to United States District Judge Anthony J. Battaglia under 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3 of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** the District Judge issue an Order:

1. **APPROVING** and **ADOPTING** this Report and Recommendation;

2. **GRANTING IN PART** and **DENYING IN PART** Defendants' Motion to Dismiss Plaintiff's First Amendment retaliation claim as follows:

    a.    Defendants' motion be **DENIED** as to Defendant Alonzo

    b.    Defendant's motion be **GRANTED** as to Defendant Estrada**.**

3. **GRANTING** Plaintiff leave to file a First Amended Complaint to cure the deficiencies regarding Plaintiff's First Amendment retaliation claim against Defendant Estrada.

**IT IS HEREBY ORDERED** any party to this action may file written objections with the Court and serve a copy on all parties no later than **January 26, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **fourteen (14) days** after being served with written objections.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

## IV. PLAINTIFF'S MOTION TO APPOINT COUNSEL

The Court turns to Plaintiff's pending motion to appoint counsel. ECF No. 14.

### A. Legal Standard

There is no Constitutional or statutory right to counsel in a civil proceeding. *Aldabe v. Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980). However, a district court may appoint counsel for indigent civil litigants under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). When considering whether exceptional circumstances exist, courts consider a plaintiff's likelihood of succeeding on the merits of the case in conjunction with the plaintiff's ability to comprehend and "articulate" the relevant legal issues. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983). These factors are "viewed together" and given equal consideration. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). It is the plaintiff's burden to demonstrate exceptional circumstances exist. *Palmer*, 560 F.3d at 968.

### B. Analysis

Plaintiff asserts six grounds to support his request for counsel: (1) he is unable to afford counsel and believes he is likely to succeed at trial; (2) his incarceration limits his ability to investigate and litigate the matter; (3) this case involves complex issues that require expert testimony to explain the cultural significance of the headcover/hair product at issue; (4) he has limited knowledge of federal civil law; (5) Centinela State Prison staff has recently failed to process his mail; and (6) he has made repeated efforts to obtain an attorney. ECF No. 14. In support of his motion, he attaches Exhibits A through C, which include (A) a copy of his grievance alleging the mailroom refused to process his outgoing mail, (B) a copy of legal mail opened in error, and (C) numerous correspondence with attorneys to obtain counsel. ECF No. 14-1.

Plaintiff has not shown the "exceptional circumstances" to warrant appointment of counsel at this time. Though Plaintiff contends his case is of "great merit" and likely to succeed at trial, the case is in its early stage, as the pleadings are not yet final and factual discovery has not commenced. Accordingly, it is too soon to tell whether Plaintiff is likely

1  to succeed on the merits, and Plaintiff likely cannot demonstrate this factor weighs in his
2  favor without further factual development. *See Riley v. Vizcarra*, No. 18-cv-2911-JAH-
3  AHG, 2020 WL 4336271, at *3 (S.D. Cal. July 28, 2020) ("[A]t this early stage of the case,
4  when the parties have not yet engaged in discovery and proffered evidence to the Court in
5  support of their claims and defenses, the Court cannot find that Plaintiff is likely to succeed
6  on the merits.").

7       In addition, Plaintiff has demonstrated an ability to comprehend and express relevant
8  legal issues regarding his claims for violations of the First and Fourteenth Amendments.
9  Plaintiff has filed a Complaint that sufficiently alleges numerous claims against Defendants
10 Estrada and Alonzo, a motion for leave to proceed in forma pauperis which was
11 subsequently granted, a notice of his intent to proceed with claims against Defendants
12 Estrada and Alonzo, an opposition to Defendants' motion to dismiss, and the motion to
13 appoint counsel currently before this Court. ECF Nos. 1, 2, 5, 12, 14. Nothing in these
14 filings suggests Plaintiff is incapable of articulating the factual or legal basis for his First
15 and Fourteenth Amendment claims, which appear relatively straightforward. To the
16 contrary, Plaintiff's filings thus far have been articulate and focused.

17      Though Plaintiff states his claims are complex requiring expert testimony, there are
18 no apparent complexities necessitating expert testimony at this time. Plaintiff's limited
19 knowledge of federal civil law also does not amount to exceptional circumstances to justify
20 appointment of counsel. Further, while Plaintiff may be able to better investigate his claims
21 or litigate his complaint with appointed counsel, this, without more, does not establish the
22 extraordinary circumstance to justify appointment of counsel. *See Wilborn*, 789 F.2d at
23 1331 (recognizing most cases "require development of further facts during litigation and a
24 pro se litigant will seldom be in a position to investigate easily the facts necessary to
25 support the case") (italics omitted); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997)
26 (while a pro se inmate might fare better with counsel during discovery, the relevant test
27 was "because of the complexity of the claims he was unable to articulate his positions").
28 Finally, Plaintiff does not establish exceptional circumstances based on the alleged issues

with processing his mail. Based on the supporting documentation filed as Exhibit A, the issue was corrected on May 6, 2025, when Plaintiff's mail was processed. ECF No. 14-1 at 4. Plaintiff does not assert any delay he experienced has or will impact his likelihood of success on the merits or his ability to articulate his claims; nor would the assistance of counsel have a substantial effect on the internal processing of legal mail by prison officials. *See Cavazos v. Garza*, No. 12-cv-3087-MMA-MDD, 2013 WL 5775128, at *2 (S.D. Cal. Oct. 25, 2013); *Rogers v. King Cnty.*, No. 23-cv-01034-DGE-GJL, 2024 WL 4336128, at *1–2 (W.D. Wash. Sept. 26, 2024).

### C. Conclusion

In sum, the Court finds Plaintiff has not demonstrated he is likely to prevail on the merits at this early stage of the case; nor has he shown he is unable to articulate his position because of the complexity of his claims. Accordingly, the Court finds Plaintiff has not met his burden of demonstrating extraordinary circumstances to justify the appointment of counsel at this time. Plaintiff's motion is **DENIED.**

**IT IS SO ORDERED**.

Dated: January 9, 2026

_____
HON. MICHELLE M. PETTIT
United States Magistrate Judge