UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>                                    Plaintiff,<br><br>v.<br><br>R. ESTRADA, et al.,<br><br>                                    Defendants. | Case No.:  24-cv-2472-AJB-MMP<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION** |

On February 17, 2026, Plaintiff Jideofor Ajaelo ("Plaintiff"), proceeding *pro se*, filed a notice stating that he never received the Court's January 9, 2026 Report and Recommendation ("R&R"). (Doc. No. 18.) The Court construes the notice as a motion for reconsideration of the Court's order adopting the R&R. (*See* Doc. No. 17.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion.

**I.      BACKGROUND**

On December 23, 2024, Plaintiff filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 and filed a motion seeking leave to proceed *in forma pauperis* ("IFP"). (Doc. Nos. 1; 2.) On February 24, 2025, the Court granted Plaintiff leave to proceed IFP and screened the Complaint pursuant to pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b). (Doc. No. 4.) The Court found the Complaint survived screening as to the First Amendment and Equal Protection claims against Defendants Estrada and Alonzo only and dismissed the remaining

1

claims against the remaining Defendants without prejudice. (*Id.* at 5–9.) Plaintiff was given the option to either (1) notify the Court of his intent to proceed with his First Amendment and Equal Protection claims against Defendants Estrada and Alonzo only; or (2) file a First Amended Complaint that attempts to correct the deficiencies of pleading identified in the Court's screening Order. (*Id.* at 9.) Plaintiff was instructed that if he decided to proceed only with his claims against Defendants Estrada and Alonzo, the Court would issue an Order directing the U.S. Marshal to effect service of the summons and Complaint on those Defendants and dismiss the remaining claims against the remaining Defendants. (*Id.*)

On March 21, 2025, Plaintiff filed a Notice of his intent to proceed with his Eighth Amendment claims against Defendants Estrada and Alonzo only and to accept dismissal of the remaining claims against the remaining Defendants. (Doc. No. 5 at 1.) On March 25, 2025, the Court dismissed all claims against all Defendants in Plaintiff's Complaint with the exception of the First Amendment and Equal Protection claims against Defendants Estrada and Alonzo as set forth in the Court's February 24, 2025 Order. (Doc. No. 6.)

On January 9, 2026, the Magistrate Judge issued an R&R granting in part and denying in part Defendants' motion to dismiss. (Doc. No. 16.) The R&R ordered that any objections be filed no later than January 26, 2026. (*Id.* at 14.) On February 2, 2026, having not received any objections, the Court adopted the R&R in its entirety. (Doc. No. 17.)

## II.    LEGAL STANDARD

Where a court's ruling has resulted in a final judgment or order, a motion for reconsideration may be based either on Federal Rule of Civil Procedure ("Rule") 59(e) (motion to alter or amend judgment) or 60(b) (motion for relief from judgment). *See Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993).

Rule 60(b) provides for relief from a district court's final order on six grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b) ; (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is

24-cv-2472-AJB-MMP

void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"Rule 60 reconsideration is generally appropriate in three instances: 1) when there has been an intervening change of controlling law, 2) new evidence has come to light, or 3) when necessary to correct a clear error or prevent manifest injustice." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). The party moving for relief under Rule 60(b) bears the burden of establishing grounds for relief. *Id.* at 1131. They "must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *Id.* (internal quote marks omitted).

Rule 60(b)(1), "grants the power to "correct judgments [or orders] . . . which have issued due to inadvertence or mistake." *Harvest v. Castro*, 531 F.3d 737, 746 (9th Cir. 2008) (quoting *Am. Trucking Ass'ns v. Frisco Transp. Co.,* 358 U.S. 133, 145 (1958)). Rule 60(b)(6), "the so-called catch-all provision," "is to be 'used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.'" *Harvest*, 531 F.3d at 749 (quoting *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir. 2006)). "A party moving for relief under Rule 60(b)(6) 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion.'" *Harvest*, 531 F.3d at 749 (quoting *Latshaw*, 452 F.3d at 1103). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003)

## III.    DISCUSSION

Plaintiff informs the Court that he received the February 6, 2026 Order Adopting the R&R, but claims he never received the January 9, 2026 R&R. (Doc. No. 18 at 1.) Plaintiff

attaches his legal mail log to support his claim that he did not receive the R&R. (*Id.* at 3.) However, from the log, the Court cannot determine that Plaintiff never received the R&R. The log includes ten entries of incoming and outgoing mail between November 14, 2025, and December 29, 2025. (*Id.*) It appears that the log was printed on February 2, 2026, and states that it is "page 1 of 1." (*Id.*) However, nothing on the log indicates what the search parameters were—i.e. what was the start date and end date for the report? Without knowing whether the log includes dates for January 2026, the Court cannot determine that Plaintiff never received the R&R.

Plaintiff has not provided evidence demonstrating that he never received the R&R, thus, he has not shown that he is entitled to relief under Rule 60(b). *See Sandoval v. Los Angeles Cnty. Sheriffs Dep't*, No. CV-1105874-DDP-VBK, 2016 WL 7191535, at *2 (C.D. Cal. Dec. 12, 2016) (denying a motion for reconsideration where the plaintiff submitted a report of lost property as evidence but "the reports d[id] not support [the p]laintiff's contention that he lost relevant legal files") Because Plaintiff does not meet any of the six grounds for relief under Rule 60(b), the Court **DENIES** Plaintiff's motion for reconsideration.

**IV.   CONCLUSION**

For the reasons set forth above, the Court **DENIES** Plaintiff's motion. (Doc. No. 18.) The Court's February 17, 2026 Order remains in full effect. Plaintiff may file an Amended Complaint consistent with the Magistrate Judge's R&R by no later than **April 3, 2026**. (*See* Doc. No. 17.)

**IT IS SO ORDERED.**

Dated:  February 23, 2026

Hon. Anthony J. Battaglia
United States District Judge

24-cv-2472-AJB-MMP