UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JIDEOFOR AJAELO,

Plaintiff,

v.

R. ESTRADA, et al.,

Defendants.

Case No.: 24-cv-2472-AJB-MMP

**REPORT AND RECOMMENDATION RE DEFENDANTS' MOTION TO DISMISS**

[ECF No. 22]

This Report and Recommendation is submitted to United States District Judge Anthony J. Battaglia pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3 of the United States District Court for the Southern District of California. Pending before the Court is Defendants' Motion to Dismiss. ECF No. 22. Plaintiff filed a response informing the Court he does not contest many of the grounds raised in Defendants' motion. ECF No. 24. Defendants replied. ECF No. 25. The Court found the motion suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1(d)(1). ECF No. 23. For the reasons set forth below, the Court **RECOMMENDS** the District Judge **GRANT** Defendants' Motion to Dismiss. ECF No. 22.

# I. RELEVANT BACKGROUND

## A. Procedural History

Plaintiff, proceeding pro se, filed this 42 U.S.C. § 1983 action, asserting claims against Defendants Estrada, Alonzo, I. Black, F. Guzman, and "CDCR- Records Jane/ John Does" for (1) violations of the First Amendment right to freedom of expression, (2) violations of the Fourteenth Amendment Equal Protection Clause, and (3) First Amendment retaliation for filing a prior lawsuit. ECF No. 1.

On February 24, 2025, the Court granted Plaintiff leave to proceed in forma pauperis (IFP) and screened the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). ECF No. 4. The Court determined Plaintiff's claims against Defendants Estrada and Alonzo survived but Plaintiff had not plausibly stated a claim against Defendants Black, Guzman, or the Does. *Id.* at 7–9. Consequently, the Court found Plaintiff met the "low threshold" to survive screening and provided Plaintiff the opportunity to either "(1) notify the Court of his intent to proceed only with his First and Fourteenth Amendment claims . . . against Defendants Estrada and Alonzo;" or (2) file a First Amended Complaint to correct the deficiencies of pleading identified in the Court's screening Order, including claims regarding Defendants Black, Guzman, and the Does. *Id.* at 9–10. In response, Plaintiff informed the Court he intended to proceed with the claims against Defendants Estrada and Alonzo only. ECF No. 5. The Court then dismissed all defendants in Plaintiff's Complaint except Defendants Estrada and Alonzo and directed service of the Complaint on the remaining Defendants. ECF No. 6.

On July 14, 2025, Defendants Estrada and Alonzo moved to dismiss Plaintiff's First Amendment retaliation claim only. ECF No. 10. The Court found Plaintiff sufficiently pleaded a First Amendment retaliation claim against Defendant Alonzo but failed to do so against Defendant Estrada. ECF Nos. 16, 17. Accordingly, the Court granted Plaintiff leave to amend his complaint as to the First Amendment retaliation claim against Defendant Estrada. ECF No. 17.

On February 8, 2026, Plaintiff filed a First Amended Complaint ("FAC"). ECF No. 20. The FAC is substantially the same as Plaintiff's initial Complaint prior to screening, including renaming numerous defendants the Court has already dismissed in prior orders. *See* ECF No. 6. Specifically, the FAC names Defendants Estrada, Alonzo, Black, Guzman, and "CDCR-Records Jane/John Doe" and asserts the same three causes of action for violations of: (1) First Amendment freedom of expression; (2) Fourteenth Amendment equal protection; and (3) First Amendment retaliation. ECF No. 20 at 3, 8–10. The FAC also adds a fourth cause of action asserting Defendant Alonzo violated Plaintiff's procedural due process rights under the Fourteenth Amendment. *Id.* at 11.

**B. Allegations in the FAC**

Plaintiff alleges on January 13, 2024, he was walking and jogging the track on the recreational yard at Centinela State Prison, when Defendant Estrada "ordered Plaintiff to remove his [] durag (or do-rag), citing an unwritten policy prohibiting its use outdoor[s]." ECF No. 20 ¶ 1. Plaintiff had worn a durag, which are approved by the California Department of Corrections and Rehabilitation (CDCR) for sale and purchase at the prison canteen, on the yard regularly for over fourteen years. *Id.* ¶¶ 1, 9–10. Plaintiff told Defendant Estrada the rule prohibiting him from wearing a durag was racially discriminatory because "durags are predominately worn by Black inmates to protect and manage their hair, and that wearing a durag does not pose any threat to the security of the institution." *Id.* ¶ 1. When Defendant Estrada gave Plaintiff the option to either "take it off or take it in" and threatened a Rules Violation Report ("RVR") if Plaintiff did not comply, Plaintiff said "I'll take it in" and complied by returning to his housing unit. *Id.* ¶¶ 2–3.

One week later, on January 20, 2024, Defendant Estrada issued an RVR charging Plaintiff with "Delaying a Peace Officer in the Performance of Duties." *Id.* ¶ 5.

A hearing on the RVR was held on January 25, 2024, and Defendant Alonzo was the Senior Hearing Officer. *Id.* ¶ 6. Plaintiff asserted he: (a) complied with Defendant Estrada's order, (b) did not delay Estrada in the performance of his duties, (c) the RVR was fabricated and written out of context, and (d) no CDCR regulation prohibits durags on the

yard. *Id.* Defendant Alonzo changed the charge to "Disobeying an Order," found Plaintiff guilty, and sentenced Plaintiff to thirty days' loss of credits, ten days' confinement to quarters, and ninety days' loss of phone, yard, day room, and package privileges. *Id.* ¶¶ 6, 21.

Plaintiff alleges Defendant Estrada fabricated the RVR, which Defendant Alonzo unfairly adjudicated, in retaliation for Plaintiff's previously filing a successful civil rights complaint. *Id.* ¶¶ 32–35. Specifically, Plaintiff settled a prior civil rights lawsuit in 2022 "related to bias treatment by" Centinela State Prison staff "for issuing an RVR that involved racial discrimination." *Id.* ¶¶ 12, 30, 32. Plaintiff alleges Defendant Alonzo is the same Senior Hearing Officer "involved in that previous case" and "adjudicated the previous RVR" and "is also responsible for adjudicating the current RVR[,]" which Plaintiff contends indicates a retaliatory motive behind the January 2024 RVR finding. *Id.* ¶¶ 12, 33. Plaintiff contends "[t]he issuance of the RVR, and the resulting disciplinary action, were motivated by Defendants' retaliatory intent in response to Plaintiff's prior protected activity" and "the actions against him by the Defendants are in direct retaliation for his prior civil rights complaint[.]" *Id.* ¶¶ 17, 35.

In his new allegations in the FAC, Plaintiff alleges Defendant Alonzo "unilaterally and arbitrarily changed the charge during the disciplinary hearing" and "negated an opportunity for advanced written notice of the charge." *Id.* ¶¶ 38–39. Plaintiff contends such a denial of his right to an impartial decision-maker violates his right to due process. *Id.* ¶ 40.

## II. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A complaint must allege facts that, if accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether there is a plausible claim of relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at

679 (citation omitted). Pleaded facts must "permit the court to infer more than the mere possibility of misconduct[.]" *Id.* A reviewing court "must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." *Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 945 (9th Cir. 2014). However, allegations amounting to "no more than conclusions[] are not entitled to the assumption of truth." *Ashcroft*, 556 U.S. at 679.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation modified).

Filings from pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers," and are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The principle of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). The Court is not, however, required to "comb the record" to find some reason to deny a pending motion simply because a plaintiff is proceeding pro se. *See Tran v. California*, 280 F. App'x 653, 653 (9th Cir. 2008) (quoting *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001)).

If the complaint fails to survive a Rule 12(b)(6) challenge, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citation omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). The Ninth Circuit has instructed district courts to "provide a pro se litigant with notice of the deficiencies" in the complaint "to ensure that the litigant uses the opportunity to amend effectively." *Eldridge v. Block*, 832 F.2d 1132, 1136 (9th Cir. 1987) (citation omitted).

However, "[a] district court may deny leave to amend when amendment would be futile." *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) (citing *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 725–26 (9th Cir. 2000)). A court may also deny leave to amend due to "undue delay, bad faith or dilatory motive of the part of the movant, [or] repeated failure to cure deficiencies by amendments previously allowed[.]" *Carvalho v. Equifax Info. Srvs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. ANALYSIS

Defendants move to dismiss Plaintiff's FAC on four grounds. ECF No. 22-1. First, the FAC renames several defendants the Court already dismissed. *Id.* at 14–15. Second, the Eleventh Amendment bars Plaintiff's claims against Defendants in their official capacity for monetary damages. *Id.* at 15. Third, Plaintiff fails to correct the deficiencies identified in the Court's Order regarding his First Amendment retaliation claim against Defendant Estrada. *Id.* at 16–18. Fourth, Plaintiff's new Fourteenth Amendment procedural due process claim against Defendant Alonzo fails to state a viable claim. *Id.* at 19–26. Defendants also contend the Court can examine the RVR records through the incorporation-by-reference and judicial notice doctrines. *Id.* at 20–22.

In his response, Plaintiff does not contest or oppose the grounds raised by Defendants. First, Plaintiff states he "does not contest already dismissed parties[.]" ECF No. 24 at 3. Second, Plaintiff states his "purpose for [naming Defendants in their] official capacity is not to seek monetary damages. Instead, Plaintiff seeks injunctive relief in the official capacity." *Id.* at 1. Third, Plaintiff states he does not contest the issues raised by Defendants regarding "the retaliation claim against Estrada[.]" *Id.* at 3. Fourth, "Plaintiff concedes that the Fourteenth Amendment due process claim fails against Alonzo." *Id.* Finally, Plaintiff objects to Defendants' request for judicial notice of the RVRs. *Id.* at 2–3.

The Court addresses Defendants' grounds for dismissal in turn.

**A. Already-Dismissed Defendants Black, Guzman, and the Does**

In its screening Order, the Court found the initial Complaint failed to state a claim against Defendants Black, Guzman, and the Does, as there were "no factual allegations any of these Defendants were aware of or participated in or directed the actions taken by Defendants Estrada and Alonzo." ECF No. 4 at 8. Though Plaintiff was provided the opportunity to amend his Complaint to attempt to correct deficiencies identified in the screening Order, Plaintiff opted to proceed with the First and Fourteenth Amendment claims in the Complaint against Defendants Estrada and Alonzo only. ECF No. 4 at 9; ECF No. 5. Accordingly, the Court dismissed all claims in Plaintiff's Complaint against Defendants Black, Guzman, and the Does. ECF No. 6 at 2.

In the FAC, Plaintiff renames Defendant I. Black, F. Guzman, and "CDCR – Records Jane/ John Doe" as Defendants. ECF No. 20 at 3. Defendants contend renaming already-dismissed Defendants is inconsistent with Plaintiff's own filings, as Plaintiff affirmatively represented he does "not contest[] any of the previous orders already rendered by this Court." ECF No. 22-1 at 14 (quoting ECF No. 20 at 1.) In addition, Defendants assert Plaintiff has not pleaded any new material facts that could revive his claims against the already-dismissed Defendants. *Id.* at 15. Thus, Defendants ask the Court to dismiss all Defendants from the FAC except Estrada and Alonzo. *Id.*

In his opposition, Plaintiff concedes "[w]ith respect to the issues raised by Defendants: (1) Plaintiff does not contest already dismissed parties[.]" ECF No. 24 at 3. Although Plaintiff's lack of opposition is clear, he separately states he "seeks to replead a previously dismissed party to be named in their official capacity only." *Id.* at 2. Plaintiff does not request reconsideration of its prior dismissal order; rather, the Court construes Plaintiff's statement liberally as a request to amend the FAC based on an official capacity theory of liability. So construed, Plaintiff fails to state a claim in the FAC against Defendants Black, Guzman, or the Does.

Like his original Complaint, the FAC merely alleges Defendant Associate Warden Black "approved the [RVR]'s findings to be [s]ent to [r]ecords[,]"Defendant Warden

Guzman is "[i]n charge of policy and procedures at Centinela State Prison[,]" and Defendants CDCR-Records Jane/John Doe have "the authority to rescind the [RVR]." ECF No. 20 at 3. Thus, construed liberally, Plaintiff is alleging supervisory liability regarding Defendants Black, Guzman, and the Does.

"A supervisory official may be held liable under § 1983 only if 'there exists either (1) his or her personal involvement in the constitutional violation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Keates v. Koile*, 883 F.3d 1228, 1242–43 (9th Cir. 2018) (quoting *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011)). "In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009) (citation modified).

Like the Complaint, the FAC contains only conclusory allegations against Defendants Black, Guzman, and the Does regarding their respective participation in the alleged constitutional violations. In the FAC, there are no factual allegations any of these Defendants were aware of, participated in, or directed the actions taken by Defendants Estrada and Alonzo; rather, Plaintiff merely alleges they should have or could have done so in their supervisory capacities. *See* ECF No. 20 at 3. Accordingly, the Court finds Plaintiff fails to state a claim in the FAC against Defendants Black, Guzman, and the Does and therefore **RECOMMENDS** Defendants Black, Guzman, and the Does be **DISMISSED** without prejudice.

### B. Official Capacity Claims for Monetary Damages

Next, Defendants contend to the extent Plaintiff seeks monetary damages from individual Defendants in their official capacity, such claims are barred under the Eleventh Amendment and should be dismissed with prejudice and without leave to amend. ECF No. 22-1 at 15.

In his opposition, Plaintiff clarifies his "purpose for the individual capacity is to seek monetary relief for the constitutional violations alleged in the complaint" and his "purpose

for the official capacity is not to seek monetary damages" but instead "injunctive relief in the official capacity." ECF No. 24 at 1.

It is well settled the "Eleventh Amendment bars suits for money damages in federal court against a state, its agencies, and state officials acting in their official capacities." *Aholelei v. Dep't of Pub. Safety*, 488 F.3d 1144, 1147 (9th Cir. 2007). In the FAC, Plaintiff brings claims against all Defendants, including Defendants Estrada and Alonzo, in both their individual and official capacities, though it does not specify which relief he seeks in which capacity. ECF No. 20 at 3, 13–14. Instead, in the FAC, Plaintiff generally requests a declaration his rights were violated, rescission and expungement of the RVR, punitive and compensatory damages, an injunction prohibiting Defendants from enforcing the unwritten policy prohibiting wearing durags and similar head coverings by Black inmates, as well as costs and fees. *Id.* at 13.

Plaintiff's claims against Defendants in their official capacity for monetary damages are barred as a matter of law. Accordingly, the Court **RECOMMENDS** to the extent Plaintiff asserts claims for monetary damages against Defendants in their official capacity, such claims are **DISMISSED with prejudice**.

### C. First Amendment Retaliation Claim Against Defendant Estrada

Defendants move once again to dismiss Plaintiff's First Amendment retaliation claim against Defendant Estrada on the ground Plaintiff fails to plead the necessary causal connection "because of" element to state a retaliation claim against Defendant Estrada. ECF No. 22-1 at 16.

In response, Plaintiff states he does not contest Defendants' grounds for dismissal of the retaliation claim against Estrada. ECF No. 24 at 3.

Moreover, Plaintiff has failed to allege any new factual allegations in the FAC as to Defendant Estrada's alleged knowledge of the prior RVR or lawsuit to correct the deficiencies identified in the Court's previous Order on this claim, ECF Nos. 16, 17, which the Court incorporates by reference. Accordingly, the Court **RECOMMENDS**

Defendants' motion be **GRANTED** and the First Amendment retaliation claim against Defendant Estrada be **DISMISSED** without prejudice.

**D. Due Process Claim Against Defendant Alonzo**

In the FAC, Plaintiff adds a new cause of action against Defendant Alonzo for violation of Plaintiff's Fourteenth Amendment procedural due process rights. ECF No. 20 ¶¶ 38–40. Plaintiff alleges Defendant Alonzo "unilaterally and arbitrarily changed the charge during the disciplinary hearing" and "negated an opportunity for advanced written notice of the charge[.]" *Id.* ¶¶ 38–39. Plaintiff contends such a denial of his right to an impartial decision-maker violated his right to due process. *Id.* ¶ 40.

"The Fourteenth Amendment protects individuals against the deprivation of liberty or property by the government without due process." *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993). To state a claim, Plaintiff must allege "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Id.*

"Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain due process protections when he is charged with a disciplinary violation." *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–71 (1974)). Such protections, "however, adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). On the other hand, "[i]f no such liberty interest is implicated, a prisoner is granted minimum due process, which requires only that the outcome be 'supported by some evidence in the record.'" *Jackson v. Hill*, No. 24-cv-1824-WQH-JLB, 2024 WL 4757600, at *3 (S.D. Cal. Nov. 12, 2024) (quoting *Superintendent v. Hill*, 472 U.S. 445, 454–55 (1985)).

In his response, Plaintiff "concedes that [the] protected interest requirement for procedural due process claim has not been met" and further "concedes that the Fourteenth Amendment due process claim fails against Alonzo." ECF No. 24 at 3. Plaintiff further

states he "does not implicate, and is unaware of, any protected liberty interest." *Id.* Accordingly, the Court **RECOMMENDS** Plaintiff's Fourteenth Amendment procedural due process claim be **DISMISSED** without prejudice.

**E. Whether Leave to Amend Should be Granted**

A plaintiff should be granted leave to amend his complaint "unless it is absolutely clear" he cannot cure the deficiencies in the FAC. *Cato*, 70 F.3d at 1106. As set forth above, futile amendments may be denied. *Hartmann*, 707 F.3d at 1130. Accordingly, the Court finds leave for Plaintiff to amend the FAC should be granted in part and denied in part.

1. <u>Denial of Leave to Amend as to Plaintiff's First Amendment Retaliation Claim against Defendant Estrada and Fourteenth Amendment Procedural Due Process Claim</u>

Here, Plaintiff seeks leave "to amend the structure of the complaint and to have it conform to the previous orders issued by the Court." ECF No. 24 at 3. However, amendment for this purpose is not necessary. Assuming this Report and Recommendation is adopted, the only remaining claims and Defendants in the FAC will be (1) the First Amendment right to freedom of expression against Defendants Estrada and Alonzo, (2) the Fourteenth Amendment Equal Protection Clause against Defendants Estrada and Alonzo, and (3) the First Amendment retaliation against Defendant Alonzo only. All other Defendants and claims will be dismissed.

In addition, the Court finds leave to amend certain claims would be futile. Plaintiff represents he "does not contest any of the previous orders already rendered by this Court" and concedes various grounds raised by Defendants for dismissal. ECF No. 20 at 1; ECF No. 24 at 3. Specifically, Plaintiff (1) confirms he does not contest dismissal of his First Amendment retaliation claim against Defendant Estrada, (2) concedes his Fourteenth Amendment due process claim fails against Defendant Alonzo for lack of a protected liberty interest, and (3) clarifies any monetary damages are sought in Defendants individual capacities only. ECF No. 24 at 1, 3. Furthermore, Plaintiff has already been provided the opportunity to amend his claims on two separate occasions. *See* ECF No. 4 at 9–10; ECF

No. 17 at 2. Based on Plaintiff's concessions after multiple opportunities to amend his complaint, the Court finds further leave to amend these claims would be futile. Accordingly, the Court **RECOMMENDS** leave to amend be **DENIED** as to Plaintiff's First Amendment retaliation claim against Defendant Estrada and Fourteenth Amendment procedural due process claim.

2. Leave to Amend as to Claims Against Defendants Black, Guzman, and the Does in their Official Capacity

Plaintiff's claims against Defendants Black, Guzman, and the Does are not as straightforward. Though Plaintiff explicitly states he does not contest dismissal of the already-dismissed defendants, he also "seeks to replead a previously dismissed party to be named in their official capacity only." ECF No. 24 at 2–3. Plaintiff, however, has already been provided the opportunity to amend his complaint to cure the deficiencies regarding the claims asserted against the already-dismissed Defendants, which he declined. ECF No. 5. Instead, he opted to proceed on his claims against Defendants Alonzo and Estrada only. ECF Nos. 5, 6. A party's repeated failure to cure a complaint's deficiencies may suggest "a strong indication that the [plaintiff has] no additional facts to plead.'" *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (citation omitted).

Nevertheless, the Court heeds the Ninth Circuit's instruction to grant leave to amend "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato*, 70 F.3d at 1106. The Court finds Plaintiff has not plausibly stated a claim in the FAC against Defendants Black, Guzman, or the Does for any of the alleged constitutional violations, regardless of whether brought in their official or individual capacities. As the Court previously explained:

> If Plaintiff wishes to bring a claim against these Defendants, he must set forth factual allegations identifying individual acts or omissions by each person related to the application of the unofficial regulation prohibiting him wearing a durag on the yard or their knowledge of or involvement in the RVR which *resulted* in a constitutional violation. *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) ("The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or

> omissions are alleged to have caused a constitutional deprivation."). Plaintiff may not rely on conclusory allegations of participation in the violation of his civil rights such as are contained in the [FAC], lacking as they do any facts showing these Defendants were aware of and participated in the alleged constitutional violations.

ECF No. 4 at 8–9 (citation omitted). Because Plaintiff indicates an intent "to replead a previously dismissed party to be named in their official capacity only" and may be able to cure the deficiencies of the FAC identified above, the Court finds granting leave to amend appropriate under Ninth Circuit law. Accordingly, the Court **RECOMMENDS** leave to amend his complaint be **GRANTED** as to claims asserted against Defendants Black, Guzman, or the Does only.

**F. Judicial Notice**

Federal Rule of Evidence 201(d) permits the Court to take judicial notice at any time. A judicially noticed fact must be one not subject to reasonable dispute in that it either: "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

Because the Court resolves this motion without reference to contents of the RVR, Defendants' request for judicial notice is **DENIED as moot**.

## IV. CONCLUSION AND RECOMMENDATION

The Court submits this Report and Recommendation to United States District Judge Anthony J. Battaglia under 28 U.S.C. § 636(b) and Civil Local Rules 72.1(c) and 72.3 of the United States District Court for the Southern District of California. For the reasons set forth above, **IT IS HEREBY RECOMMENDED** the District Judge issue an Order:

1. **APPROVING** and **ADOPTING** this Report and Recommendation;
2. **GRANTING** Defendants' Motion to Dismiss as follows:
    a. Defendants Black, Guzman, and the Does are **DISMISSED** without prejudice.

b. Plaintiff's claims for monetary damages against Defendants in their official capacity are **DISMISSED with prejudice**.

c. Plaintiff's First Amendment retaliation claim against Defendant Estrada is **DISMISSED** without prejudice.

d. Plaintiff's Fourteenth Amendment procedural due process claim is **DISMISSED** without prejudice.

3. **GRANTING IN PART and DENYING IN PART** Plaintiff leave to amend his FAC as follows:

a. Leave to amend be **DENIED** as futile with respect to (i) Plaintiff's First Amendment retaliation claim against Defendant Estrada and (ii) Fourteenth Amendment due process claim.

b. Leave to amend be **GRANTED** as to claims asserted against Defendants Black, Guzman, or the Does only or, in the alternative, Plaintiff may notify the Court of his intent to proceed on his First Amendment freedom of expression and Fourteenth Amendment equal protections claims against Defendants Estrada and Alonzo and First Amendment retaliation claim against Defendant Alonzo only.

**IT IS HEREBY ORDERED** any party to this action may file written objections with the Court and serve a copy on all parties no later than **August 11, 2026**. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** any Reply to the Objections shall be filed with the Court and served on all parties no later than **fourteen (14) days** after being served with written objections.

**IT IS SO ORDERED**.

Dated: July 28, 2026

HON. MICHELLE M. PETTIT
United States Magistrate Judge