UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIDEOFOR AJAELO,<br><br>Plaintiff,<br><br>v.<br><br>R. ESTRADA, *et al.*,<br><br>Defendants. | Case No.: 24-cv-2472-AJB-MMP<br><br>**ORDER:**<br><br>**(1) ADOPTING THE REPORT AND RECOMMENDATION (Doc. No. 26);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO DISMISS (Doc. No. 22);**<br><br>**(3) GRANTING IN PART AND DENYING IN PART PLAINTIFF LEAVE TO AMEND** |

Before the Court is Defendants R. Estrada and Mario Alonzo's Motion to Dismiss. (Doc. No. 22.) The Court referred this matter to Magistrate Judge Michelle M. Pettit for a Report and Recommendation (the "R&R"), which was issued on July 28, 2026. (Doc. No. 26.) The Magistrate Judge recommends that Defendants' motion to dismiss be granted. (*Id.* at 1.) The parties were instructed to file written objections to the R&R by August 11, 2026, and replies by no later than fourteen days after being served with written objections. (*Id.* at 14.)

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district judge's duties in connection with a magistrate judge's R&R. The district judge must "make a de novo determination of those portions of the report . . . to which objection is made[,]" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of objection(s), the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee note to the 1983 amendment; *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Neither party has filed objections to the R&R. Thus, having reviewed the R&R, the Court finds it thorough, well-reasoned, and contains no clear error. Accordingly, the Court hereby:

1. **ADOPTS** the R&R in its entirety;
2. **GRANTS** Defendants' motion to dismiss as follows:
    a. Defendants Black, Guzman, and the Does are **DISMISSED without prejudice**;
    b. Plaintiff's claims for monetary damages against Defendants in their official capacity are **DISMISSED with prejudice**;
    c. Plaintiff's First Amendment retaliation claim against Defendant Estrada is **DISMISSED without prejudice**;
    d. Plaintiff's Fourteenth Amendment procedural due process claim is **DISMISSED without prejudice**.
3. **GRANTS IN PART and DENIES IN PART** Plaintiff leave to amend his FAC as follows:
    a. Leave to amend is **DENIED** as futile with respect to (i) Plaintiff's First Amendment retaliation claim against Defendant Estrada and (ii) Plaintiff's Fourteenth Amendment due process claim.

b. Leave to amend is **GRANTED** as to claims asserted against Defendants Black, Guzman, or the Does only or, in the alternative, Plaintiff may notify the Court of his intent to proceed on his First Amendment freedom of expression and Fourteenth Amendment equal protection claims against Defendants Estrada and Alonzo, and First Amendment retaliation claim against Defendant Alonzo only.

4. By no later than **October 26, 2026**, Plaintiff ***must either***:

a. File an Amended Complaint consistent with the Magistrate Judge's R&R, ***or***

b. Notify the Court of his intent to proceed on ***only*** his First Amendment freedom of expression and Fourteenth Amendment equal protection claims against Defendants Estrada and Alonzo, and his First Amendment retaliation claim against Defendant Alonzo.

5. Defendants must file a responsive pleading to the operative complaint by no later than **November 30, 2026**.

**IT IS SO ORDERED.**

Dated: August 24, 2026

Hon. Anthony J. Battaglia
United States District Judge